# In the United States Court of Federal Claims

| | |
|---|---|
| ARTHUR C. BIEGANOWSKI,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant, | No. 26-cv-165<br>Filed: July 14, 2026 |

**MEMORANDUM AND ORDER**

Arthur C. Bieganowski (Plaintiff), proceeding *pro se*, challenges the seizure and retention of his assets following his criminal conviction for mail fraud, conspiracy to commit mail fraud, and conspiracy to money launder. Plaintiff asserts claims for illegal exaction, takings, unjust enrichment, and alleged violations of 18 U.S.C. § 3664. Defendant moves to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) for want of jurisdiction and failure to state a claim upon which relief can be granted. For the reasons set forth below, this Court lacks jurisdiction over Plaintiff's claims. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 10) and **DISMISSES** Plaintiff's Complaint (ECF No. 1). *See* Rules 12(b)(1), 12(h)(3).

**BACKGROUND**

**I. Plaintiff's Criminal Conviction and Forfeiture**

Plaintiff formerly worked as a doctor practicing in the area of pain management in El Paso Texas "from approximately 1978 until his arrest in 1998." ECF No. 1 (Complaint). at 2. However, "on August 4, 1998 . . . a sealed indictment was filed containing a Notice of Forfeiture against

Plaintiff's medical practice assets." *Id.* Plaintiff characterizes the Notice of Forfeiture as a "seizure and continued retention of Plaintiffs medical practice assets and records," which "effectively prevented operation of the practice and deprived Plaintiff of the use, income, and value of the business continuously" from the August 4, 1998, indictment to the present day. *Id.* at 2–3. Plaintiff claims "damages arising from the unlawful seizure and retention of his property and the deprivation of his right to earn income from his medical practice" in the amount of "not less than $345,270,000." *Id.* at 1.

In 2000, Plaintiff was convicted in the United States District Court for the Western District of Texas (District Court) of "nine counts of mail fraud and conspiracy to commit mail fraud, and one count of conspiracy to money launder" as part of a wide-ranging scheme that involved fraudulent billing and medical treatments. *United States v. Bieganowski*, 313 F.3d 264, 269–70. (5th Cir. 2022)). The United States Court of Appeals for the Fifth Circuit affirmed Plaintiff's conviction in 2002. *Id.* at 271. In 2003, the Supreme Court of the United States denied Plaintiff's petition for a writ of certiorari. *Bieganowski v. United States*, 538 U.S. 1014 (2003).

Plaintiff was sentenced to 168 months in prison, subjected to forfeiture of millions of dollars of assets, and ordered to pay restitution. *Id.* at 271; Compl. at 2, 11; *United States v. Bieganowski, et al.*, No. 3:98-cr-00959-DB (W.D. Tex.) (District Court Case) ECF No. 465. For example, Plaintiff forfeited interest in proceeds from the sale of real property in New Mexico and forfeited $11 million pursuant to the District Court's October 2000 final order of forfeiture. District Court Case ECF No. 465 at 2. Plaintiff also forfeited real property in Grand Cayman to partially satisfy the $11 million forfeiture judgment pursuant to a September 2003 order from the

District Court. ECF No. 1-2 (Plaintiff's Appendix) at 27–28.[1] The District Court also sentenced Plaintiff to pay $23,049,853,38 in restitution pursuant to a sealed presentence report. ECF No. 10-1 (Defendant's Appendix) at 50.[2]

**II. Plaintiff's Recent Filings in the District Court**

Plaintiff was released from prison in 2010. Compl. at 3. In an attachment to his Complaint, Plaintiff includes an October 29, 2025 email from the Court Services Supervisor for the Western District of Texas, which apparently responds to a request from Plaintiff by advising him that the Court Services Supervisor "found nothing to indicate that the victim names were released. Historically, victims lists were . . . never released to protect those named therein." Pl.'s App. at 15. The email further states that the "docket sheet or a review of the docket in PACER will be your best source of information for any documents or entries that were received on this case." *Id.*

On December 8, 2025, Plaintiff filed a document tiled "Independent Action Under Rule 60(d)(1) and Rule 60(d)(3) and Motion for Relief from Void Judgment under Rule 60(b)(4)" on the District Court docket of his original criminal case. District Court Case ECF No. 739 (District Court Motion) at 1. Plaintiff's District Court Motion argued that according to two emails, including the October 29, 2025 email from the Court Services Supervisor, included in an attachment to his Complaint in the instant action, "documents required by 18 U.S.C. § 3664(d)(1), (d)(5) were never created" and that "[w]ithout these materials, the restitution portion of the judgment is void." *Id.* at 2. Plaintiff further argued that because the Mandatory Victims

[1] Plaintiff's property in the Grand Cayman was allegedly forfeited pursuant to an Order of the Grand Court of the Cayman Islands on an application by the Attorney General in the Grand Court under the Mutual Legal Assistance (United States of America) Law 1986. Pl.'s App. at 37–39.

[2] Citations throughout this Memorandum and Order correspond to the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

Restitution Act of 1996 (MVRA) "mandates identification of victims, loss amounts, and schedules—and none exist . . . [the] financial penalties cannot stand." *Id.* at 3–4.

On January 28, 2026, the District Court denied Plaintiff's District Court Motion. District Court Case ECF No. 761 (District Court Order) at 3. The District Court also sanctioned Plaintiff $1,000 for "persisting in filing frivolous motions and other pleadings," and then ordered the District Court clerk of court to close the case. *Id.* at 3–4. Two days later, Plaintiff filed his Complaint in this Court. Compl. at 1.

## III. Plaintiff's Court of Federal Claims Action

In the present action, Plaintiff asserts that he does not "challeng[e] the validity of [his] conviction or sentence" but instead brings this action to challenge only "the government's post-judgment handling of seized property and statutory credits." *Id.* at 2. Plaintiff states that he seeks compensation for seized property, the government's failure to apply credits for his seized property, and the deprivation of his medical practice's operation and assets. *Id.* Plaintiff also claims that "Government action deprived [him] of [his] property rights" in violation of the Fifth Amendment and additionally asserts an "unjust enrichment" claim. *Id.* at 9; ECF No. 1-1 (Attachment to Complaint) at 1, 4.

Throughout his Complaint, Plaintiff invokes various provisions of 18 U.S.C. § 3664, which provides procedures to govern the issuance and enforcement of an order of restitution as part of the MVRA. *See* 18 U.S.C. § 3664. Specifically, Plaintiff seeks to recover for "(a) seized property exceeding any legitimate restitution under 18 U.S.C. § 3664, which limits restitution to actual victim losses; (b) the government's failure to apply mandatory credits under 18 U.S.C. § 3664(j)(2) for seized property; and (c) deprivation of the practice's legitimate operations and assets." Compl. at 2. Plaintiff asserts that his "injury arises from the government's continuing restraint/retention

and resulting loss of use beginning in 1998 and continuing through the present, which prevented the practice from operating as a going concern and deprived Plaintiff of the use and economic value of the practice property." *Id.* at 2–3.

Plaintiff alleges the "violat[ion] [of] 18 U.S.C. § 3664(a)" since, he claims, no "victim list exists in the court records," no "appraisals were conducted on the seized assets, as required by law," and "no credits were applied under 18 U.S.C. § 3664(j)(2) for seized property." *Id.* at 3. Section 3664(a) reads in part:

> For orders of restitution under this title, the court shall order the probation officer to obtain and include in its presentence report . . . information sufficient for the court to exercise its discretion in fashioning a restitution order. The report shall include, to the extent practicable, a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant.

18 U.S.C. § 3664(a).

Plaintiff argues that this section creates a mandatory obligation on the part of the Government to maintain a "victim list" available to him. Compl. at 3. Plaintiff also invokes 18 U.S.C. § 3664(j)(2) for his assertion that "no credits were applied under 18 U.S.C. § 3664(j)(2) for seized property." Section 3664(j)(2) requires:

> Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in--
> (A) any Federal civil proceeding; and
> (B) any State civil proceeding, to the extent provided by the law of the State.

18 U.S.C. § 3664(j)(2).

Plaintiff appears to allege that 18 U.S.C. § 3664(j)(2) creates a requirement "to apply mandatory credits . . . for seized property" to a defendant. Compl. at 2.[3] Plaintiff also alleges that "18 U.S.C. § 3664 . . . limits restitution to actual victim losses." *Id.*

Plaintiff claims damages amounting to "not less than $345,270,000," and possibly "in excess of $500,000,000" for these alleged violations. *Id.* at 6.

## **PROCEDURAL HISTORY**

On January 30, 2026, Plaintiff filed his Complaint. Complaint. On March 30, 2026, Defendant filed an Unopposed Motion for an Enlargement of Time to respond to the Complaint. ECF No. 7. The Court granted this motion on March 30, 2026. ECF No. 8. On April 3, 2026, Plaintiff filed an Unopposed Motion for Expedited Consideration. ECF No. 9 (Motion to Expedite). On May 1, 2026, Defendant filed a Motion to Dismiss the Complaint. ECF No. 10 (Motion to Dismiss or Motion). On May 8, 2026, Plaintiff filed an Opposition to Defendant's Motion to Dismiss and Notice of Supplemental Authority and Evidence. ECF No. 11 (Response). On May 13, 2026, Plaintiff filed a Motion for Leave to File Substitute Appendix. ECF No. 13. On May 14, 2026, the Court granted this motion and ordered Plaintiff to file his Substitute Appendix; however, Plaintiff never filed it. ECF No. 14. On May 29, 2026, Defendant filed a Reply to Plaintiff's Response to Defendant's Motion to Dismiss. ECF No. 17 (Reply). On June 1, 2026, Plaintiff filed a Motion for Leave to File a Sur-Reply in Further Opposition to Defendant's

[3] Plaintiff does not allege that any victim in his case has recovered compensatory damages in any civil proceeding as relevant under 18 U.S.C. § 3664(j)(2). *See* Compl.; *see also United States v. Joseph,* 743 F.3d 1350, 1355 (11th Cir. 2014) (finding that section 3664(j)(2) applies only to "compensatory damages recovered by a victim in a civil proceeding *after* a court enters a restitution order" (emphasis in original) (quoting *United States v. Ruff*, 420 F.3d 772, 775 (8th Cir. 2005))); *United States v. Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998) (finding that "the burden of establishing any offset to a restitution order should fall on the defendant.").

Motion to Dismiss. ECF No. 18 (Motion for Leave to File Sur-Reply). On June 10, 2026, Defendant filed a Response to Plaintiff's Motion for Leave to File a Sur-Reply. ECF No. 19 (Response to Motion for Sur-Reply).

## APPLICABLE LEGAL STANDARDS

### I. Rule 12(b)(1) Motion to Dismiss

"The Court of Federal Claims is a court of limited jurisdiction." *Marcum LLP v. United States*, 753 F.3d 1380, 1382 (Fed. Cir. 2014)). "The jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act does not create any enforceable right against the United States on its own, nor does it grant jurisdiction over "every claim invoking the Constitution, a federal statute, or a regulation." *RadioShack Corp.*, 566 F.3d at 1360 (quoting *United States v. Mitchell*, 463 U.S. 206, 216 (1983)); *United States v. Testan*, 424 U.S. 392, 398 (1987). To invoke jurisdiction under the Tucker Act, a plaintiff must "identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (first citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); and then citing *United States v. Testan*, 424 U.S. 392, 398 (1976)); *see* 28 U.S.C. § 1491(a)(1).

While this Court "liberally" construes filings submitted by *pro se* plaintiffs, it remains the burden of the *pro se* plaintiff to demonstrate that this Court has subject matter jurisdiction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Roman v. United States*, 61 F.4th 1366, 1370 (Fed. Cir. 2023); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, *pro se* or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements." (citation omitted)).

When determining jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). However, while this Court permits ambiguities in *pro se* filings, it "does not excuse . . . failures" on the merits. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). Further, regardless of the status of a plaintiff, "the court must address jurisdictional issues, even *sua sponte*, . . . whether raised by a party or not." *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019). Additionally, "[i]n establishing the predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings." *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993).

## DISCUSSION

This Court lacks subject matter jurisdiction over Plaintiff's claims pursuant to Rules 12(b)(1) and 12(h)(3). First, the only statutory authority which Plaintiff identifies to support his claims is a criminal statute that is not money-mandating. Second, this Court lacks jurisdiction to review the actions of the District Court which sentenced Plaintiff, which all of Plaintiff's claims

would require this Court to do. Accordingly, this Court dismisses Plaintiff's claims for lack of subject matter jurisdiction.

**I. This Court Lacks Jurisdiction over Plaintiff's 18 U.S.C. § 3664 Claims.**

*A. 18 U.S.C. § 3664 is a Criminal Statute.*

Defendant argues that this Court may not review "Dr. Bieganowski's allegations of violations of 18 U.S.C. § 3664" since this Court "does not possess jurisdiction to adjudicate claims under the federal criminal code." Mot. at 26. Defendant is correct. Indeed, "[i]t is well established that that this Court lacks jurisdiction over claims of criminal conduct and 'has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code.'" *Doiban v. United States*, 173 Fed. Cl. 527, 536 (2024) (quoting *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994)); *see also Kenyon v. United States*, 683 F. App'x 945, 949 (Fed. Cir. 2017) ("Furthermore, we agree that the Claims Court properly concluded that it lacked jurisdiction pursuant to the criminal statutes identified by [the plaintiff].").

The only statutory source of law Plaintiff identifies in his Complaint is 18 U.S.C. § 3664, which governs the procedures for the issuance and enforcement of an order of restitution under the MVRA. 18 U.S.C. § 3664; *see also McIntosh v. United States*, 601 U.S. 330, 339 (2024).[4] As

[4] In his Response, Plaintiff adds new alleged violations of additional sub-sections of 18 U.S.C. § 3664, specifically §§ 3664(d)(1), (5) and (f)(2). Resp. 22. Additionally, Plaintiff raises several new arguments in his Response brief, including allegations that the Government is unlawfully using a different administrative collection system, unauthorized by the District Court, and that an improper interest calculation method is being applied to his forfeiture judgment pursuant to 18 U.S.C. § 3612(f). *Id.* at 19–22. Claims raised in this Court outside of the Complaint are waived. *See Kimble v. United States*, 991 F.3d 1238, 1244 (Fed. Cir. 2021) ("But distinct claims are waived if not pled in a complaint."); *Stephens v. United States,* 165 Fed. Cl. 341, 351 (2023) (dismissing claims raised for the first time in the Response brief). Accordingly, these arguments are waived. However, even if the Court were to consider these claims despite the waiver, the Court would still lack jurisdiction to consider Plaintiff's claims relying on the newly-cited portions of 18 U.S.C. §§ 3664 and 3612, since, as explained *infra* throughout Discussion I and II, the Court lacks

this Court lacks criminal jurisdiction, it also "therefore, has no jurisdiction over actions contesting criminal forfeiture procedures." *Maracalin v. United States*, 52 Fed. Cl. 736, 743 (2002) (citing *Vereda, Ltda.*, 271 F.3d at 1367); *see also Joshua*, 17 F.3d at 380 (finding that the Court of Federal Claims "does not have jurisdiction to review the decisions of . . . clerks of district courts relating to proceedings before those courts."). Therefore, this Court lacks jurisdiction over Plaintiff's claims under 18 U.S.C. § 3664.

*B. Section 3664 is Not a Money-Mandating Source of Law.*

Even if the MVRA was a civil law rather than a criminal one, this Court would still lack jurisdiction to review Plaintiff's claim for relief pursuant to 18 U.S.C. § 3664, since section 3664 is not a money-mandating source of law. It is Plaintiff's burden to "identify a 'separate source of substantive law that creates the right to money damages,' such as a money-mandating constitutional, statutory, or regulatory provision, for jurisdiction to vest in the Court." *Doiban*, 173 Fed. Cl. at 537 (quoting *Fisher*, 402 F.3d at 1172). To do this, a Plaintiff "must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government.'" *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). Plaintiff alleges that he is entitled to damages because "no victim list exists in the court records, violating 18 U.S.C. § 3664(a); (2) no appraisals were conducted on the seized assets, as required by law; and (3) no credits were applied under 18 U.S.C. § 3664(j)(2) for seized property." Compl. at 3. However, section 3664(p) specifically provides that '[n]othing in this section . . . and arising out of the application of such sections, shall be construed to create a cause of action not otherwise authorized

---

jurisdiction over claims made under the federal criminal code and further lacks jurisdiction to review the actions of the District Court. *See infra* at Discussion I & II.

in favor of any person against the United States or any officer or employee of the United States." 18 U.S.C. § 3664(p); *see also Day v. United States*, No. 17-1084C, 2018 WL 1659905, at *2 (Fed. Cl. Apr. 5, 2018) (holding that 18 U.S.C. § 3664 does not give rise to a money-mandating claim). Accordingly, section 3664 is not a money-mandating claim that can afford this Court with jurisdiction over Plaintiff's claim.

Plaintiff contends in his Response that he does not "assert a cause of action under § 3664 itself" but instead that "Plaintiff's cause of action is [an] illegal exaction under 28 U.S.C. § 1491(a)(1), with § 3664 as the boundary." Resp. at 23. Although Plaintiff states he is disclaiming a cause of action under § 3664, he nonetheless maintains that his claim is "a Tucker Act illegal exaction claim, with § 3664 supplying the money-mandating boundary." *Id.* It is well established that Plaintiff's invocation of 29 U.S.C. § 1491(a)(1) is insufficient to afford this Court with jurisdiction since "invocation of the Tucker Act alone does not afford this Court with jurisdiction" and a Plaintiff must "identify a 'separate source of substantive law that creates the right to money damages.'" *Doiban*, 173 Fed. Cl. at 537 (quoting *Fisher*, 402 F.3d at 1172); *see also N.Y. & Presbyterian Hosp. v. United States*, 881 F.3d 877, 881 (Fed. Cir. 2018). Despite Plaintiff's assertions, 18 U.S.C. § 3664 cannot supply this Court with jurisdiction since, as noted above, it is not a money-mandating statute.

Although Plaintiff also asserts an illegal exaction claim in his Complaint, this claim also appears to be wholly reliant on purported violations of 18 U.S.C. § 3664. Compl. at 1, Attachment to Compl. at 4. Indeed, in an attachment to his Complaint, Plaintiff specifically alleges that his illegal exaction claim is related to the retention of funds "without statutory authority [and with] no victim list, no appraisals, no accounting records" in violation of 18 U.S.C. § 3664(j)(2). Attachment to Compl. at 4. Plaintiff continues this mischaracterization of his illegal exaction

claim in his Response. Resp. at 7. This Court has jurisdiction over illegal exaction claims in some circumstances. *See Boeing Co. v. United States*, 968 F.3d 1371, 1383 (Fed. Cir. 2020). However, "[i]n deciding jurisdiction, this Court must look at 'the true nature of the action,' and cannot accept 'the mere recitation of a basis for jurisdiction by either party.'" *Rodgers v. United States*, 153 Fed. Cl. 538, 542 (2021) (quoting *Livingston v. Derwinski*, 959 F.2d 224, 225 (Fed. Cir. 1992)); *see Chemsol, LLC v. United States*, 755 F.3d 1345, 1354 (Fed. Cir. 2014). Here, it is clear that the "true nature" of Plaintiff's illegal exaction claim is nothing more than another permutation of his allegations concerning purported violations of 18 U.S.C. § 3664.

Accordingly, this Court lacks jurisdiction over any of Plaintiff's claims made pursuant to 18 U.S.C. § 3664.

## II. This Court Lacks Jurisdiction to Review the Actions of the District Court.

The Court of Federal Claims lacks jurisdiction "to scrutinize the actions of another tribunal." *Earl v. United States*, 787 F. App'x 751, 752 (Fed. Cir. 2019) (per curiam). Indeed, it is axiomatic that the Court of Federal Claims lacks authority to review decisions of federal district courts or courts of appeals. *Shinnecock Indian Nation*, 782 F.3d at 1352–53; *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001). This Court "cannot entertain a taking[s] claim that requires the court to 'scrutinize the actions of' another tribunal." *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (quoting *Allustiarte*, 256 F.3d at 1352).

As such, Defendant asserts that, Plaintiff's "taking, illegal exaction, and any other claims" that are related to either "forfeiture proceedings in his criminal case or his restitution obligations are outside this Court's jurisdiction." Mot. at 23. Plaintiff contends that he is not challenging whether his "criminal judgment was correct" but instead "whether the Government can demonstrate compliance with the judgment now." Resp. at 7. However, to the extent that Plaintiff

complains of alleged deficiencies in the procedures outlined in 18 U.S.C. § 3664, the sentencing court is the appropriate forum for review. 18 U.S.C. § 3664.

Moreover, since any accounting of losses to victims pursuant to § 3664(a) is calculated for inclusion in a presentence report, and is not an ongoing obligation, Plaintiff's challenge under this statute can only apply to his pre-sentence report. *See Viola v. FDIC*, No. CV 18-2351 (JEB), 2019 WL 2492786, *4 (D.D.C. June 14, 2019) (finding that section 3664(b) requires the court to "disclose its pre-sentence restitution report to the defendant" but that section 3664 "plainly does not compel *ongoing* accounting to convicted defendants." (emphasis in original)).

Plaintiff also alleges a violation section 3664 (j)(2), which requires that any "amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss" in federal or state civil proceedings. Compl. at 2–3; 18 U.S.C. § 3664(j)(2). Here too, any applicable reduction of the amount must be ordered by the sentencing court. *See e.g., United States v. Yalincak*, 853 F.3d 629, 633–34 (2d Cir. 2017) (reviewing an appeal from a district court decision denying credits to a defendant for failing to satisfy the required showing under § 3664(j)(2)); *Sheinbaum*, 136 F.3d at 449 ("Of course, to avoid double-counting, a district court must reduce the size of its restitution order by any amount received by the victim as part of a civil settlement." (citing 18 U.S.C. 3664(j)(2)). Therefore, Plaintiff's argument that he purportedly is not asking this Court to "review discretionary decisions of the sentencing court" is incorrect, as the alleged violations of the authorities that Plaintiff identifies would necessarily involve actions of the District Court. Resp. at 7.

The proper forum for Plaintiff's claims is the court in which he was sentenced, and indeed, Plaintiff has already raised claims related to alleged deficiencies under 18 U.S.C. § 3664 before the District Court. See District Court Motion at 1. The District Court denied Plaintiff's Motion,

and sanctioned Plaintiff for frivolous filing two days before Plaintiff filed in this Court. District Court Order at 3; Compl. at 1.

To the extent that Plaintiff alleges any claims that are not made pursuant to 18 U.S.C. §3664, specifically his takings claim for which Plaintiff cites no authority other than the Fifth Amendment to the Constitution, this Court still lacks the authority to review compliance with the judgment of the District Court, or any procedures subsequently employed to enforce that judgment. Compl. at 1, Attachment to Compl. at 4, Resp. at 37; *Vereda, Ltda.*, 271 F.3d at 1375 (This Court "cannot entertain a taking[s] claim that requires the court to 'scrutinize the actions of' another tribunal." (quoting *Allustiarte*, 256 F.3d at 1352)); *see also Williams v. United States*, 179 Fed. Cl. 29, 31–32 (2025) (declining plaintiff's invitation to review "allegedly defective forfeiture procedures employed by [the sentencing court] in his criminal proceeding . . . this Court lack[s] jurisdiction to determine whether the forfeiture procedures employed . . . in the district court formed the basis for a takings claim." (citing *Vereda*, 271 F.3d at 1372–73)); *Maracalin*, 52 Fed. Cl. at 743 (citing *Vereda*, 271 F.3d at 1374–75) (This Court "has no jurisdiction over actions contesting criminal forfeiture procedures.").

Despite Plaintiff's arguments to the contrary, this Court lacks jurisdiction to review any actions the District Court has taken or purportedly failed to take in Plaintiff's criminal case. *Allustiarte*, 256 F.3d at 1352 ("As we stated in *Joshua v. United States*, 17 F.3d 378, 380 (Fed Cir. 1994), 'the Court of Federal Claims does not have jurisdiction to review the decisions of district courts.'").

Accordingly, the Court must dismiss Plaintiff's claims for illegal exaction, takings, statutory violations, unjust enrichment, and any other claims arising out of forfeiture proceedings of the District Court for lack of subject matter jurisdiction. *See* Rules 12(b)(1), 12(h)(3).[5]

**III. This Court Lacks Jurisdiction Over Plaintiff's Unjust Enrichment Claim.**

Plaintiff also asserts a stand-alone claim for "unjust enrichment." Compl. at 9. Plaintiff describes this claim as "government benefit without compensation" in reference to his seized business assets. Pl.'s App. at 2. "An 'unjust enrichment' claim generally exists when one party benefits at another's expense, and where allowing that party to retain that benefit would be inequitable." *Copar Pumice Co. v. United States*, 112 Fed Cl. 515, 538 (2013). Such claims are "equitable implied-in-law contract" claims. *Id.* Plaintiff does not explain how the alleged loss of his business assets pursuant to criminal forfeiture constitutes an implied-in-law contract with the government. Moreover, "it is well-established that this Court lacks jurisdiction over unjust enrichment claims." *Sanders v. United States*, 176 Fed Cl. 163, 167 (2025). Accordingly, the Court lacks jurisdiction over Plaintiff's "unjust enrichment" claim.

**IV. Additional Motions**

Finally, Plaintiff filed two additional motions that the Court considers. First, Plaintiff filed a Motion for Expedited Consideration. Motion to Expedite at 1. In the Motion for Expedited Consideration, Plaintiff asked "that the Court prioritize this matter for timely decision once the

[5] The Court recognizes that Defendant also separately argues that that this Court lacks jurisdiction to evaluate Plaintiff's claims because they fall outside of the six-year statute of limitations. Mot. at 16 (citing 28 U.S.C. § 2501); *see also* 28 U.S.C. § 2501. Plaintiff argues that his claim is nevertheless timely due to the application of the "discovery rule, continuing violation doctrine, and equitable tolling." Compl. at 3. Even if the Court were to find any of these doctrines applicable to Plaintiff's case, the Court would still lack jurisdiction over Plaintiff's claims for the reasons outlined in this Memorandum and Order. Accordingly, since the Court lacks jurisdiction, the Court declines to issue an advisory opinion addressing Defendant's statute of limitation arguments.

briefing is complete." *Id.* at 2. Defendant filed its Reply on May 29, 2026. Reply. The Court has carefully considered all pending motions expeditiously, within six weeks of briefing completion. Accordingly, the Court **DENIES AS MOOT** Plaintiff's Motion to Expedite.

Additionally, following Defendant's Reply, Plaintiff filed a Motion for Leave to File a Sur-Reply on June 1, 2026. Mot. for Leave to File Sur-Reply at 1. Plaintiff moves to file a Sur-Reply to respond to arguments in Defendant's Reply which he argues "were not in the opening Motion and that Plaintiff could not have addressed in his Opposition." *Id.* Defendant filed a Response to the Motion for Sur-Reply on June 10, 2026, stating that Defendant "does not oppose the Court's consideration of [Plaintiff's] sur-reply, but nothing in the sur-reply indicates that this Court has jurisdiction to entertain any aspect of [Plaintiff's] [C]omplaint." Resp. to Mot. for Sur-Reply at 1. Defendant also stated that to the extent there was a new issue addressed in the Reply, it was in response to a new claim raised by Plaintiff in his Response which had not been in the Complaint. *Id.* at 2.

The Court agrees with Defendant that the only new argument raised in the Reply was in response to Plaintiff's new claim inappropriately raised in his Response. Reply at 15 ("In his response, [Plaintiff] raises a new claim that his restitution debt is accruing interest at a rate that violates 18 U.S.C. § 3612(f))."), Resp. to Mot. for Sur-Reply at 2 ("[W]e addressed [Plaintiff's] interest claim for the first time in our reply because he raised it for the first time in his response to our motion to dismiss."). Thus, Plaintiff is not entitled to file his proposed Sur-Reply and the Court accordingly **DENIES** Plaintiff's Motion for Leave to File a Sur-Reply. *See GovCIO, LLC v. United States*, 177 Fed. Cl. 579, 598 (2025) ("The court has discretion to grant or deny leave to file a surreply."); *Ute Indian Tribe of Uintah & Ouray Indian Rsv. v. United States*, 145 Fed Cl.

609, 617 n.6 (2019) ("[I]n making its decision, the court considers whether the surreply is helpful to the adjudication of the motion.").[6]

## CONCLUSION

As this Court lacks jurisdiction over Plaintiff's claims, the Court **GRANTS** Defendant's Motion to Dismiss the Complaint (ECF No. 10) pursuant to 12(b)(1). Plaintiff's Complaint (ECF No. 1) is **DISMISSED** pursuant to Rules 12(b)(1) and 12(h)(3). The Court **DENIES AS MOOT** Plaintiff's Unopposed Motion for Expedited Consideration (ECF No. 9). The Court **DENIES** Plaintiff's Motion for Leave to File a Sur-Reply in Further Opposition to Defendant's Motion to Dismiss (ECF No. 18). The Clerk of Court is **DIRECTED** to enter Judgment accordingly and mark this case as closed.

IT IS SO ORDERED.

*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

July 14, 2026
Washington, D.C.

---

[6] Even if the arguments in Plaintiff's proposed Sur-Reply were properly filed and not waived, such arguments still would not afford this Court jurisdiction over Plaintiff's Complaint. *See supra* at 7 n.4.