# In the United States Court of Federal Claims

| | |
|---|---|
| ARTHUR C. BIEGANOWSKI,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant, | No. 26-cv-165<br>Filed: September 11, 2026 |

## MEMORANDUM AND ORDER

Plaintiff Arthur C. Bieganowski, proceeding *pro se*, seeks reconsideration of this Court's dismissal of his Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). ECF No. 23 (Motion for Reconsideration or Motion); *Bieganowski v. United States*, No. 26-cv-165, 2026 WL 2225221 (Fed. Cl. July 14, 2026) (Order Dismissing Plaintiff's Complaint or Order). Plaintiff seeks reconsideration of "two discrete jurisdictional issues" that he contends were insufficiently addressed by the Order. Mot. at 2. For the reasons explained below, Plaintiff's Motion for Reconsideration (ECF No. 23) of this Court's Order Dismissing Plaintiff's Complaint is **DENIED**.

## BACKGROUND

### I. Plaintiff's Criminal Conviction and Forfeiture

Plaintiff formerly worked as a doctor practicing in the field of pain management in El Paso, Texas "from approximately 1978 until his arrest in 1998." ECF No. 1 (Complaint). at 2. However, "on August 4, 1998 . . . a sealed indictment was filed containing a Notice of Forfeiture against Plaintiff's medical practice assets." *Id.* Plaintiff characterizes the Notice of Forfeiture as a "seizure

and continued retention of Plaintiff's medical practice assets and records," which "effectively prevented operation of the practice and deprived Plaintiff of the use, income, and value of the business continuously" from the August 4, 1998, indictment to the present day. *Id.* at 2–3. Plaintiff claims "damages arising from the unlawful seizure and retention of his property and the deprivation of his right to earn income from his medical practice" in the amount of "not less than $345,270,000." *Id.* at 1.

In 2000, Plaintiff was convicted in the United States District Court for the Western District of Texas (District Court) of "nine counts of mail fraud and conspiracy to commit mail fraud, and one count of conspiracy to money launder" as part of a wide-ranging scheme that involved fraudulent billing and medical treatments. *United States v. Bieganowski*, 313 F.3d 264, 269–70. (5th Cir. 2022)). The United States Court of Appeals for the Fifth Circuit affirmed Plaintiff's conviction in 2002. *Id.* at 271. In 2003, the Supreme Court of the United States denied Plaintiff's petition for a writ of certiorari. *Bieganowski v. United States*, 538 U.S. 1014 (2003).

Plaintiff was sentenced to 168 months in prison, subjected to forfeiture of millions of dollars of assets, and ordered to pay restitution. *Id.* at 271; Compl. at 2, 11; *United States v. Bieganowski, et al.*, No. 3:98-cr-00959-DB (W.D. Tex.) (District Court Case) ECF No. 465. For example, Plaintiff forfeited interest in proceeds from the sale of real property in New Mexico and forfeited $11 million pursuant to the District Court's October 2000 final order of forfeiture. District Court Case ECF No. 465 at 2. Plaintiff also forfeited real property in Grand Cayman to partially satisfy the $11 million forfeiture judgment pursuant to a September 2003 order from the District Court. ECF No. 1-2 (Plaintiff's Appendix) at 27–28.[1] The District Court also sentenced

[1] Plaintiff's property in the Grand Cayman was allegedly forfeited pursuant to an Order of the Grand Court of the Cayman Islands on an application by the Attorney General in the Grand Court under the Mutual Legal Assistance (United States of America) Law 1986. Pl.'s App. at 37–39.

Plaintiff to pay $23,049,853,38 in restitution pursuant to a sealed presentence report. ECF No. 10-1 (Defendant's Appendix) at 50.[2]

### II. Plaintiff's Recent Filings in the District Court

Plaintiff was released from prison in 2010. Compl. at 3. In an attachment to his Complaint, Plaintiff included an October 29, 2025 email from the Court Services Supervisor for the Western District of Texas, which apparently responded to a request from Plaintiff by advising him that the Court Services Supervisor "found nothing to indicate that the victim names were released. Historically, victims lists were . . . never released to protect those named therein." Pl.'s App. at 15. The email further states that the "docket sheet or a review of the docket in PACER will be your best source of information for any documents or entries that were received on this case." *Id.*

On December 8, 2025, Plaintiff filed a document tiled "Independent Action Under Rule 60(d)(1) and Rule 60(d)(3) and Motion for Relief from Void Judgment under Rule 60(b)(4)" on the District Court docket of his original criminal case. District Court Case ECF No. 739 (District Court Motion) at 1. Plaintiff's District Court Motion argued that according to two emails, including the October 29, 2025 email from the Court Services Supervisor, included in an attachment to his Complaint in the instant action, "documents required by 18 U.S.C. § 3664(d)(1), (d)(5) were never created" and that "[w]ithout these materials, the restitution portion of the judgment is void." *Id.* at 2. Plaintiff further argued that because the Mandatory Victims Restitution Act of 1996 (MVRA) "mandates identification of victims, loss amounts, and schedules—and none exist . . . [the] financial penalties cannot stand." *Id.* at 3–4.

---

[2] Citations throughout this Memorandum and Order correspond to the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

On January 28, 2026, the District Court denied Plaintiff's District Court Motion. District Court Case ECF No. 761 (District Court Order) at 3. The District Court also sanctioned Plaintiff $1,000 for "persisting in filing frivolous motions and other pleadings," and then ordered the District Court clerk of court to close the case. *Id.* at 3–4. Two days later, Plaintiff filed his Complaint in this Court. Compl. at 1.

### III. Plaintiff's Court of Federal Claims Action

In his Complaint filed in this Court, Plaintiff asserted that he does not "challeng[e] the validity of [his] conviction or sentence" but instead brought this action to challenge only "the government's post-judgment handling of seized property and statutory credits." *Id.* at 2. Plaintiff stated that he sought compensation for seized property, the government's failure to apply credits for his seized property, and the deprivation of his medical practice's operation and assets. *Id.* Plaintiff also claimed that "Government action deprived [him] of [his] property rights" in violation of the Fifth Amendment and additionally asserted an "unjust enrichment" claim. *Id.* at 9; ECF No. 1-1 (Attachment to Complaint) at 1, 4.

Throughout his Complaint, Plaintiff invoked various provisions of 18 U.S.C. § 3664, which provides procedures to govern the issuance and enforcement of an order of restitution as part of the MVRA. Compl. at 2, 3, 6, 7, 11; *see also* 18 U.S.C. § 3664. Specifically, Plaintiff sought to recover for "(a) seized property exceeding any legitimate restitution under 18 U.S.C. § 3664, which limits restitution to actual victim losses; (b) the government's failure to apply mandatory credits under 18 U.S.C. § 3664(j)(2) for seized property; and (c) deprivation of the practice's legitimate operations and assets." Compl. at 2. Plaintiff asserted that his "injury ar[ose] from the government's continuing restraint/retention and resulting loss of use beginning in 1998 and

continuing through the present, which prevented the practice from operating as a going concern and deprived Plaintiff of the use and economic value of the practice property." *Id.* at 2–3.

Plaintiff alleged the "violat[ion] [of] 18 U.S.C. § 3664(a)" since, he claimed, no "victim list exists in the court records," no "appraisals were conducted on the seized assets, as required by law," and "no credits were applied under 18 U.S.C. § 3664(j)(2) for seized property." *Id.* at 3. Section 3664(a) reads in part:

> For orders of restitution under this title, the court shall order the probation officer to obtain and include in its presentence report . . . information sufficient for the court to exercise its discretion in fashioning a restitution order. The report shall include, to the extent practicable, a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant.

18 U.S.C. § 3664(a).

Plaintiff argued that this section creates a mandatory obligation on the part of the Government to maintain a "victim list" available to him. Compl. at 3. Plaintiff also invoked 18 U.S.C. § 3664(j)(2) for his assertion that "no credits were applied under 18 U.S.C. § 3664(j)(2) for seized property." *Id.* Section 3664(j)(2) requires:

> Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in--
> (A) any Federal civil proceeding; and
> (B) any State civil proceeding, to the extent provided by the law of the State.

18 U.S.C. § 3664(j)(2).

Plaintiff appeared to allege in his Complaint that 18 U.S.C. § 3664(j)(2) created a requirement "to apply mandatory credits . . . for seized property" to a defendant. Compl. at 2.[3] Plaintiff also alleged that "18 U.S.C. § 3664 . . . limits restitution to actual victim losses." *Id.*

---

[3] Plaintiff does not allege that any victim in his case has recovered compensatory damages in any civil proceeding as relevant under 18 U.S.C. § 3664(j)(2). *See* Compl.; *see also United States v.*

Plaintiff claimed damages amounting to "not less than $345,270,000," and possibly "in excess of $500,000,000" for these alleged violations. *Id.* at 6.

## PROCEDURAL HISTORY

On January 30, 2026, Plaintiff filed his Complaint. Complaint. On March 30, 2026, Defendant filed an Unopposed Motion for an Enlargement of Time to respond to the Complaint. ECF No. 7. The Court granted this motion on March 30, 2026. ECF No. 8. On April 3, 2026, Plaintiff filed an Unopposed Motion for Expedited Consideration. ECF No. 9 (Motion to Expedite). On May 1, 2026, Defendant filed a Motion to Dismiss. ECF No. 10 (Motion to Dismiss). On May 8, 2026, Plaintiff filed an Opposition to Defendant's Motion to Dismiss and Notice of Supplemental Authority and Evidence. ECF No. 11 (Response). On May 13, 2026, Plaintiff filed a Motion for Leave to File Substitute Appendix. ECF No. 13. On May 14, 2026, the Court granted this motion and ordered Plaintiff to file his substitute appendix; however, Plaintiff never filed it. ECF No. 14. On May 29, 2026, Defendant filed a Reply in support of the Motion to Dismiss. ECF No. 17 (Reply). On June 1, 2026, Plaintiff filed a Motion for Leave to File a Sur-Reply in Further Opposition to Defendant's Motion to Dismiss. ECF No. 18 (Motion for Leave to File Sur-Reply). On June 10, 2026, Defendant filed a Response to Plaintiff's Motion for Leave to File a Sur-Reply. ECF No. 19 (Response to Motion for Sur-Reply). On July 14, 2026, this Court dismissed Plaintiff's Complaint for lack of jurisdiction pursuant to Rule 12(b)(1). *Bieganowski*, 2026 WL 2225221, at *1.

---

*Joseph,* 743 F.3d 1350, 1355 (11th Cir. 2014) (finding that section 3664(j)(2) applies only to "compensatory damages recovered by a victim in a civil proceeding *after* a court enters a restitution order" (emphasis in original) (quoting *United States v. Ruff*, 420 F.3d 772, 775 (8th Cir. 2005))); *Sheinbaum*, 136 F.3d at 449 (finding that "the burden of establishing any offset to a restitution order should fall on the defendant.").

The Order Dismissing Plaintiff's Complaint held that the Court lacked jurisdiction over the Complaint because 1) the Court lacks jurisdiction over any claims made under the federal criminal code, and the only statutory source of law Plaintiff identified in his Complaint was 18 U.S.C. § 3664, which is a criminal statute, 2) the Court lacks jurisdiction to review the actions of a district court, and 3) the Court lacks jurisdiction over Plaintiff's unjust enrichment claim as it is "well-established" that the Court of Federal Claims lacks jurisdiction over such claims. *Id.* at *4–8 (quoting *Sanders v. United States*, 176 Fed. Cl. 163, 167 (2025)). The Order Dismissing Plaintiff's Complaint also denied Plaintiff's Motion for Leave to File Sur-Reply. *Id.* at *9.

**STANDARD FOR RECONSIDERATION**

Rule 59 provides the rule for motions for reconsideration, including motions to alter or amend a judgment. Rule 59(a), (e). A court may grant such a motion for reconsideration where "there has been an intervening change in the controlling law, newly discovered evidence, or a need to correct clear factual or legal error or prevent manifest injustice." *Biery v. United States*, 818 F.3d 704, 711 (Fed Cir. 2016) (quoting *Young v. United States*, 94 Fed. Cl. 671, 674 (2010)). "A motion for reconsideration must also be supported 'by a showing of extraordinary circumstances which justify relief.'" *Id.* (quoting *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed Cir. 2004)). Motions for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)). "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." *Starrett v. United States*, 158 Fed. Cl. 487, 490–91 (2022) (alteration in original) (quoting *Yuba Natural Res., Inc. v.*

*United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990)). This Court must dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction." *See* Rule 12(h)(3).

## DISCUSSION

Plaintiff has not demonstrated any "showing of extraordinary circumstances" related to newly discovered evidence, or such clear factual or legal error in the Court's Order Dismissing Plaintiff's Complaint as would justify granting his Motion for Reconsideration. *Biery*, 818 F.3d at 711.

### I. Plaintiff's Claims

Plaintiff moves for reconsideration pursuant to Rule 59(a) and asks the Court to reconsider "two discrete jurisdictional issues" that he claims were "not addressed in the Memorandum and Order." Mot. at 2. Plaintiff also seeks "alteration or amendment of the judgment" pursuant to Rule 59(e). *Id.*

#### A. Defendant's Footnote

Plaintiff's first claim is that the Court failed to address a footnote in the Government's Motion to Dismiss which reads in part:

> To the extent that Dr. Bieganowski is alleging that the Government seized assets that were *not forfeited or applied to his restitution debt* and retained those assets beyond the time necessary for his criminal investigation and trial, this portion of his complaint would not appear to require the Court to review the actions of the district court.

Mot. at 5; Motion to Dismiss at 26 (citing *Jenkins v. United States*, 71 F.4th 1367, 1374 (Fed. Cir. 2023) (emphasis in original). Defendant included this footnote in a section of its Motion to Dismiss where it argued that the Court lacked jurisdiction to review the actions of the Western District of Texas, which was the court in which Plaintiff was tried and sentenced. Motion to Dismiss at 23–26. The Court subsequently dismissed Plaintiff's Complaint both for this reason,

and because the primary source of law Plaintiff identified in his Complaint as entitling him to relief is a criminal statute, and this Court lacks jurisdiction over claims made under the federal criminal code. *Bieganowski*, 2026 WL 2225221, at *4–8.

Plaintiff asserts that the footnote in the Motion to Dismiss means that "[i]f the Government's representation is correct . . . then at least one category of Plaintiff's claims does not require review of the District Court, and that category should not dismissed on the ground that it does." Mot. at 6. Plaintiff is incorrect.

Defendant's footnote was irrelevant to the Court's dismissal of Plaintiff's case. The Court cannot discern that Plaintiff ever asserted that "the Government seized assets that were not forfeited or applied to his restitution debt and retained those assets beyond the time necessary for his criminal investigation and trial" in his Complaint, *except* as related to his claims pursuant to 18 U.S.C. § 3664, as meticulously documented in this Court's Order Dismissing Plaintiff's Complaint. Mot. at 5; *see also Bieganowski*, 2026 WL 225221, at *2–3, 5; Compl. at 2 ("This action seeks compensation for: (a) seized property exceeding any legitimate restitution under 18 U.S.C. § 3664, which limits restitution to actual victim losses; (b) the government's failure to apply mandatory credits under 18 U.S.C. § 3664(j)(2) for seized property; and (c) deprivation of the practice's legitimate operations and assets."); Compl. at 3 ("Plaintiff . . . could not have discovered the factual basis for this claim until October 2025, when the Clerk of the Court . . . confirmed . . . that: (1) no victim list exists in the court records, violating 18 U.S.C. § 3664(a); (2) no appraisals were conducted on the seized assets, as required by law; and (3) no credits were applied under 18 U.S.C. § 3664(j)(2) for seized property.").

To the extent that Plaintiff alleged that the government unlawfully retained his property, he repeatedly tied this retention of property to alleged violations of 18 U.S.C. § 3664. Mot. at 5;

*see, e.g.*, Compl. at 3 ("The government's retention of Plaintiff's property and failure to apply credits under 18 U.S.C. § 3664(j)(2) constitute a continuing violation that accrues anew each day."). Plaintiff argues in his Motion that many sections of his Complaint and exhibits he provided to the Court "concern whether Executive Branch officials retained property beyond the scope of statutory authority after the criminal investigation and trial had concluded," but Plaintiff does not identify any sections of his Complaint that made any such allegations that were not reliant on purported violations of 18 U.S.C. § 3664. Mot. at 7.

As discussed in the Order Dismissing Plaintiff's Complaint, this Court lacks jurisdiction over any of Plaintiff's claims made pursuant to 18 U.S.C. § 3664 since it is a criminal statute and this Court lacks jurisdiction over claims made under the federal criminal code. *Bieganowski*, 2026 WL 2225221, at *4–6 (citing cases). Additionally, as relevant to the footnote in Defendant's Motion to Dismiss that Plaintiff references in his Motion for Reconsideration, any purported seizures "exceeding any legitimate restitution under 18 U.S.C. § 3664, which limits restitution to actual victim losses" as Plaintiff claims in his Complaint, would necessitate review of actions or inactions of the District Court. Compl. at 2. This is because, as explained in the Order Dismissing Plaintiff's Complaint, "any accounting of losses to victims pursuant to § 3664(a) is calculated for inclusion in a presentence report, and is not an ongoing obligation." *Bieganowski*, 2026 WL 2225221, at *7; *see also Viola v. FDIC*, No. CV 18-2351 (JEB), 2019 WL 2492786, *4 (D.D.C. June 14, 2019) (finding that section 3664(b) requires the court to "disclose its pre-sentence restitution report to the defendant" but that section 3664 "plainly does not compel *ongoing* accounting to convicted defendants." (emphasis in original)).

If, as Plaintiff alleges, "no victim list" was included in his presentence report, and no "appraisals were conducted on the seized assets" pursuant to 18 U.S.C. § 3664(a), these are

deficiencies in the information included by the probation officer in the presentence report filed with the Western District of Texas. Compl. at 3; 18 U.S.C. § 3664(a) ("[T]he court shall order the probation officer to obtain and include in its presentence report . . . [and] a complete accounting of losses to each victim . . ."). If the Western District of Texas failed to order the probation officer to include such information as Plaintiff appears to contend, then this Court has no jurisdiction to review any such inaction, as it found in its Order Dismissing Plaintiff's Complaint. *Bieganowski*, 2026 WL 2225221, at *6.

Where Plaintiff's Complaint instead alleges that his assets were wrongfully retained due to purported violations of 18 U.S.C. § 3664(j)(2), because Plaintiff asserts that "[t]he government's retention of Plaintiff's property and failure to apply credits under 18 U.S.C. § 3664(j)(2) constitute a continuing violation that accrues anew each day," any reduction in restitution due to later recovery of compensatory damages by victims under this statute is also dependent on the district court which entered the restitution order. Compl. at 3; 18 U.S.C. § 3664(j)(2); *see also United States v. Yalincak*, 853 F.3d 629, 633–34 (2d Cir. 2017) (reviewing an appeal from a district court decision denying credits to a defendant for failing to satisfy the required showing under § 3664(j)(2)); *United States v. Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998) ("Of course, to avoid double-counting, a district court must reduce the size of its restitution order by any amount received by the victim as part of a civil settlement." (citing 18 U.S.C. § 3664(j)(2)). Accordingly, to the extent that the Western District of Texas ordered no such reduction in restitution amount, this Court correctly concluded that it lacks jurisdiction to review any such inaction by the Western District of Texas. *Bieganowski*, 2026 WL 2225221, at *6.[4]

[4] Moreover, it is unclear to this Court why Plaintiff is asserting that his restitution should have been reduced pursuant 18 U.S.C. § 3664(j)(2) when he has not alleged that any victim in his case recovered compensatory damages in any civil proceeding, which is a requirement under the statute,

Plaintiff's Complaint also makes reference to a stand-alone takings claim for which he cites no authority other than the Fifth Amendment to the Constitution. *Bieganowski*, 2026 WL 2225221, at *7. Plaintiff's Complaint does not expound on this claim besides referencing the Fifth Amendment, and the Court therefore interpreted this claim as another permutation of his claim related to 18 U.S.C. § 3664, which Plaintiff repeatedly made clear was the basis for his claim before this Court. *Id.*; Compl. at 3 ("Plaintiff . . . could not have discovered the factual basis for this claim until October 2025, when the Clerk of the Court . . . confirmed . . . that: (1) no victim list exists in the court records, violating 18 U.S.C. § 3664(a); (2) no appraisals were conducted on the seized assets, as required by law; and (3) no credits were applied under 18 U.S.C. § 3664(j)(2) for seized property."). It is not the duty of the Cout to "create a claim which [the plaintiff] has not spelled out in his pleadings." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (quoting *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995))

Moreover, to the extent that Plaintiff's Motion for Reconsideration relies on this taking claim, the Motion is unavailing, as it is well established that seizure pursuant to the government's police power in a criminal matter, which is the method by which Plaintiff's property was seized here, does not constitute a taking pursuant to the Fifth Amendment. *See, e.g., AmeriSource Corp. v. United States*, 525 F.3d 1149, 1153 (Fed. Cir. 2008) ("Property seized and retained pursuant to the police power is not taken for a 'public use' in the context of the Takings Clause.").

As Plaintiff's reference to Defendant's alternative argument in a footnote in its Motion to Dismiss fails to demonstrate any "clear factual or legal error" in this Court's decision dismissing Plaintiff's Complaint for lack of jurisdiction, and moreover since many of Plaintiff's arguments

---

and since the defendant in a criminal case bears "the burden of establishing any offset to a restitution order." *Sheinbaum*, 136 F.3d at 449. *See* Compl.; 18 U.S.C. § 3664(j)(2).

appear merely to be an attempt to relitigate his original claims, this Court must deny his Motion for Reconsideration. *Biery*, 818 F.3d at 711; *Exxon Shipping Co.*, 554 U.S. at 485 n.5.

**B. Plaintiff's Illegal Exaction Argument**

Plaintiff also contends in his Motion that the Court purportedly did not adequately explain why it lacks jurisdiction over Plaintiff's illegal exaction claim. Mot. at 8. In its Order, the Court acknowledged that this Court "has jurisdiction over illegal exaction claims in some circumstances." *Bieganowski*, 2026 WL 2225221, at *6 (citing *Boeing Co. v. United States*, 968 F.3d 1371, 1383 (Fed. Cir. 2020)). However, the Court noted that it must look to "the true nature of the action" when determining jurisdiction, and that in Plaintiff's case, it was clear that Plaintiff's illegal exaction claim was merely "another permutation of his allegations concerning purported violations of 18 U.S.C. § 3664." *Bieganowski*, 2026 WL 2225221, at *6 (quoting *Rodgers v. United States*, 153 Fed. Cl. 538, 542 (2021)). The Court also noted that Plaintiff was required to identify a "separate source of substantive law that creates the right to money damages." *Id.* (quoting *Doiban v. United States*, 173 Fed. Cl. 527, 537 (2024)).

Plaintiff asserts that *Boeing Co. v. United States,* 968, F.3d 1371, 1383 (Fed. Cir. 2020), *Norman v. United States*, 429 F.3d 1081, and *Aerolineas Argentinas v. United States*, 77 F.3d 1564 (Fed. Cir. 1996) offer an "illegal exaction framework" whereby an "illegal exaction claim proceeds where the plaintiff alleges that money was 'improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation.'" Mot. at 9 (quoting *Norman*, 429 F.3d at 1095). Plaintiff argues that "[u]nder the *Boeing* framework, if the statute imposes a substantive limit on Government collection authority and the pleadings non-frivolously allege that limit was contravened, the claim proceeds—because the Tucker Act itself supplies the money-mandating source when combined with a constitutional or statutory prohibition on the challenged

exaction." Mot. at 9. Plaintiff contends in his Motion that he is not seeking compensation "directly under § 3664," but is instead arguing that the Tucker Act itself "supplies the jurisdictional vehicle" for Plaintiff's claim, with 18 U.S.C. § 3664 and 18 U.S.C. § 3612[5] providing the "limits" on the "Executive Branch collection of money" that Plaintiff alleges have been contravened. Mot. at 9–10.

Plaintiff's arguments are unavailing. First, Plaintiff merely repeats the unsuccessful arguments he already made in his Response. *See Bieganowski*, 2026 WL 2225221, at *6 ("Plaintiff contends in his Response that he does not 'assert a cause of action under § 3664 itself' but instead that 'Plaintiff's cause of action is [an] illegal exaction under 28 U.S.C. § 1491(a)(1), with § 3664 as the boundary.'" Resp. at 23.). As the Court already ruled in its Order, "[i]t is well established that Plaintiff's invocation of [28] U.S.C. § 1491(a)(1) is insufficient to afford this Court with jurisdiction since 'invocation of the Tucker Act alone does not afford this Court with jurisdiction.'" *Bieganowski*, 2026 WL 2225221, at *6 (quoting *Doiban*, 173 Fed. Cl. at 537); Mot. at 10. Additionally, to the extent that Plaintiff is arguing that he has not brought his claim *under* 18 U.S.C. § 3664, then he has provided no authority whatsoever to demonstrate that money was "improperly paid, exacted, or taken from [Plaintiff] in contravention of the Constitution, a statute, or a regulation" which would afford this Court with jurisdiction over his illegal exaction claim. *Norman*, 429 F.3d at 1029.

---

[5] Plaintiff raised an alleged violation of 18 U.S.C. § 3612(f) for the first time in his Response brief. *Bieganowski*, 2026 WL 2225221, at *5 n.4. Accordingly, the Court did not consider this argument in its Order Dismissing the Complaint since Plaintiff had waived it by not alleging this violation in his Complaint. *Id.* However, even if the Court had considered this claim, the Court would still have lacked jurisdiction over any claims made relying on 18 U.S.C. § 3612(f) since this Court lacks jurisdiction over claims made under the federal criminal code and lacks jurisdiction to review the actions of the District Court. *Id.*

Moreover, it is well-established that in order to "invoke Tucker Act jurisdiction over an illegal exaction claim, a claimant must demonstrate that the statute or provision causing the exaction itself provides . . . 'the remedy for its violation entails a return of money unlawfully exacted.'" *Norman*, 429 F.3d at 1095 (quoting *Cyprus Amax Coal Co. V. United States*, 205 F.3d 1369, 1373 (Fed. Cir., 2000). As the Court previously explained in its Order Dismissing the Complaint, 18 U.S.C. § 3664 itself specifically states that it creates no cause of action against the United States or any officer or employee of the United States. *Bieganowski*, 2026 WL 2225221, at *5 (quoting 18 U.S.C. 3664(p); and then citing *Day v. United States*, No. 17-1084C, 2018 WL 1659905, at *2 (Fed. Cl. Apr. 5, 2018)). Further, Plaintiff has not explained how his alleged violation of 18 U.S.C. § 3664(a), which details that a district court should order the probation officer to include information related to the losses to each victim and a defendant's economic circumstances, would entitle him to "return of money unlawfully exacted." *Norman*, 429 F.3d at 1095 (quoting *Cyprus Amax Coal Co*., 205 F.3d at 1373); 18 U.S.C. § 3664(a). Likewise, Plaintiff's claimed violation of 18 U.S.C. § 3664(j)(2) would not entitle Plaintiff to any money unlawfully exacted, as the statute is only applicable when a victim has recovered compensatory damages in a civil matter, which Plaintiff has not alleged occurred. 18 U.S.C. § 3664(j)(2).

Accordingly, as previously noted, the Court lacks jurisdiction over Plaintiff's illegal exaction claims. *See Bieganowski*, 2026 WL 2225221, at *6. Analyzing his claim under the "framework of *Boeing* and *Norman*," as Plaintiff requests in his Motion, makes no difference to this analysis. Mot. at 9–10.

As Plaintiff's illegal exaction argument does not demonstrate any "clear factual or legal error" in this Court's decision dismissing his Complaint for lack of jurisdiction, and since Plaintiff's argument here largely constitutes a restatement of his previous claims, this Court must

deny his Motion for Reconsideration. *Biery*, 818 F.3d at 711; *Exxon Shipping Co.*, 554 U.S. at 485 n.5.

**C. Plaintiff's Claims are Outside the Statute of Limitations**

Moreover, even if the Court was mistaken in its characterization of Plaintiff's claims as wholly relying on purported violations of 18 U.S.C. § 3664 and therefore requiring review of actions or inactions of the Western District of Texas, or in its characterization of his illegal exaction claim, this Court would still lack jurisdiction over any claims Plaintiff makes in his Complaint because all of Plaintiff's claims fall well outside of the six-year statute of limitations. 28 U.S.C. § 2501. The Court declined to add the statute of limitations as an additional reason for its dismissal of Plaintiff's Complaint in its Order Dismissing the Complaint because, even if the claims were timely, the Court would still lack jurisdiction. *Bieganowski*, 2026 WL 2225221, at *8 n.5. However, the Court now analyzes this separate reason that it lacks jurisdiction over all of Plaintiff's claims to demonstrate that reconsideration of Plaintiff's Complaint would be futile, regardless of the two issues that Plaintiffs raises in his Motion for Reconsideration.

"A claim under the Tucker Act, 28 U.S.C. § 1491, in the Claims Court must be brought 'within six years after such claim first accrues.'" *Adera v. United States*, 2023 WL 3768645 at *2 (Fed. Cir. June 2, 2023) (quoting *Katzin v. United States*, 908 F.3d 1350, 1358 (Fed. Cir. 2018)); *see also* 28 U.S.C. § 2501. By Plaintiff's own account, all causes of action identified in his Complaint occurred well outside of this six-year statute. *See e.g.*, Compl. at 2 (complaining of a seizure of assets "[b]eginning on August 4, 1998 . . . to the present date"). Plaintiff contended in his Complaint that his claims were nonetheless timely due to the application of the "discovery rule, continuing violation doctrine, and equitable tolling." Compl. at 3.

Plaintiff is mistaken that these doctrines apply. Plaintiff first claimed that "the application of the discovery rule" makes his claim timely. Comp. at 3. Defendant interpreted Plaintiff's reference here as an appeal to the "accrual suspension doctrine." Motion to Dismiss at 12. Plaintiff's response to Defendant's arguments indicated that he agrees with this interpretation. Resp. at 31 (citing three Federal Circuit cases related to the accrual suspension doctrine). Under the accrual suspension doctrine, "the accrual of a claim against the United States will in some situations be suspended when an accrual date has been ascertained, but the plaintiff does not know of the claim." *Ingrum v. United States*, 560 F.3d 1311, 1314 (Fed. Cir. 2009). This doctrine applies only where either, a plaintiff can show that defendant "concealed its acts with the result that plaintiff was unaware of their existence, or it must show that its injury was 'inherently unknowable.'" *Id.* at 1315 (quoting *Martinez v. United States*, 333 F.3d 1295, 1319 (Fed. Cir. 2003)).

Plaintiff has provided no evidence that Defendant intentionally concealed any of the information upon which his Complaint is based. Plaintiff claims that he "could not have discovered the factual basis for this claim until October 2025," when the Clerk of the Court for the United States District Court, Western District of Texas responded to his email regarding the documents he sought, and that therefore, the "relevant facts [were] inherently unknowable" until this time. Resp. at 30. However, Plaintiff has not explained how emailing the Clerk of Court to obtain the documents he sought is something that he could not have done before the statute of limitations had run. Plaintiff has therefore not demonstrated that the information he obtained was "inherently unknowable" and, accordingly, the accrual suspension doctrine cannot save Plaintiff's claim. *Ingrum*, 560 F.3d at 1311.

Plaintiff next argued that his claim is timely under the "continuing violation doctrine" purportedly since the "government's retention of Plaintiff's property and failure to apply credits under 18 U.S.C. § 3664(j)(2) constitute a continuing violation that accrues anew each day" and that therefore "the continuing deprivation runs from the present, not from 1998." Compl. at 3. Plaintiff further argued in his Response that he is subject to "continuing exposure to administrative collection" of the amount that is still outstanding on the restitution he was ordered to pay by the Western District of Texas pursuant to its August 2000 restitution order. Resp. at 29; Reply at 8–9. Plaintiff appears to be invoking the "continuing claim doctrine." Resp. at 29–30 (citing *Brown Park Estates-Fairfield Dev. Co. v. United States*, 127 F.3d 1449 (Fed Cir. 1997)).

A claim accrues for purposes of the statute of limitations "when all the events have occurred which fix the liability of the Government and entitle the claimant to institute an action." *Brown Park Estates-Fairfield Dev. Co*, 127 F.3d at 1455 (first quoting *Brighton Vill. Assocs. v. United States*, 52 F.3d 1056, 1060 (Fed. Cir. 1995); and then citing *Hopland Band*, 855 F.2d at 1577). For the continuing claims doctrine to apply, the claim must be able to be "broken down into a series of independent and distinct events or wrongs, each having its own associated damages." *Id.* at 1456. "On the other hand, if there was only a single alleged wrong, even though the wrong caused later adverse effects . . . the continuing claim doctrine is not applicable." *Wells v. United States*, 420 F.3d 1343, 1345–46 (Fed. Cir. 2005)).

Therefore, to determine whether this doctrine applies to Plaintiff's claims, the Court first looks to when the violations Plaintiff alleges occurred. First, Plaintiff has alleged violations of 18 U.S.C. § 3664(a), which as discussed *supra*, requires any accounting of losses to victims to be included in a presentence report, and "does not compel ongoing accounting to convicted defendants." *Viola*, 2019 WL 2492786, *4 (emphasis in original). Accordingly, any violation of

this statute which Plaintiff complains of dates from the entry of the pre-sentence report in his criminal case which occurred well over six years ago and cannot continue to accrue since the statute does not compel any "ongoing accounting" of victim losses. *Id.* Plaintiff also claims purported violations of 18 U.S.C. § 3664(j)(2), which requires that any amount paid to a victim under an order of restitution be reduced by any amount later recovered as compensatory damages for the same loss by the same victim in a civil proceeding. 18 U.S.C. § 3664(j)(2). As the Court has repeatedly observed, Plaintiff has not claimed that any victim in his case recovered any damages for the same loss in a civil proceeding; therefore it does not appear that this statute is applicable to Plaintiff's claim and accordingly it cannot constitute a continuing violation since Plaintiff has not demonstrated that this statute has been violated at any time in the past six years. To the extent that Plaintiff is alleging any other claims that arise out of his 1998 arrest, any forfeiture of his property or medical practice assets, or any claim related to any order of restitution issued in his criminal case, Plaintiff has not demonstrated how any such claim has accrued within the six years prior to him filing his Complaint. Therefore, the continuing claim doctrine cannot give this Court jurisdiction over claims that are well outside of the six-year statute of limitations. *Adera*, 2023 WL 3768645 at *2 (quoting *Katzin*, 908 F.3d at 1358); *see also* 28 U.S.C. § 2501.

Finally, Plaintiff claimed that his incarceration until 2010, "during which time he lacked access to legal resources, discovery materials, and the ability to investigate the government's compliance" should make his claim subject to equitable tolling. Compl. at 3. However, as Defendant noted in its Motion to Dismiss, even if the statute of limitations could be tolled in this case, Plaintiff's claims would still be time-barred since he was released from incarceration in 2010 and Plaintiff lodged his current claim 16 years later, in 2026. *Id.* Moreover, it is well established that the statute of limitations that Plaintiff seeks to toll, 28 U.S.C. § 2501, is jurisdictional and

cannot be tolled. *See John R. Sand & Gravel Co. v. United States*, 552 U.S.C. 130, 135–36 (2008); *Blue Cross & Blue Shield of Kans. City Welfare Benefit Plan v. United States*, 173 Fed. Cl. 132, 144 (2024), *aff'd*, Nos. 24-2317, 25-1027, 2026 WL 2070084 (Fed. Cir. July 17, 2026). Accordingly, even assuming *arguendo* that either of the claims that Plaintiff raises in his Motion for Reconsideration had merit, this Court would still decline to grant reconsideration since it lacks jurisdiction over Plaintiff's claims, which fall well outside of the six-year statute of limitations.

## CONCLUSION

For the foregoing reasons, this Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 23).

IT IS SO ORDERED.

*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

September 11, 2026
Washington, D.C.